The CONTINENTAL INSURANCE COMPANIES, Plaintiff-counter-defendant,

v.

TOTAL DOLLAR MANAGEMENT EFFORT, LTD., Counter-defendant–Appellee,

Sarkis Muradyan, Defendant–counter-claimant–Appellant,

S. George Lohmeier, Jr., Counter-defendant–Appellee.

No. 04–56673.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed March 29, 2007.

Neil S. Lerner, Esq., Sands Narwitz Forgie Leonard & Lerner, Frances O'Meara, Esq., Hinshaw & Culbertson, Los Angeles, CA, for Plaintiff-counter-defendant.

Derek L. Tabone, Law Offices of Derek L. Tabone, Van Nuys, CA, for Defendant–counter–claimant–Appellant.

Keith N. Lamarra, Esq., La Follette, Johnson, de Haas, Fesler & Ames, Santa Ana, CA, for Counter–defendant–Appellee.

Before: GIBSON *, FISHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

The Continental Insurance Company denied Sarkis Muradyan's claim and sued to rescind his marine insurance policy after discovering several violations on his official motor vehicle record, contrary to the statement on his insurance application that he had no "MVR violations." Muradyan settled with Continental but counterclaimed against insurance agents Total Dollar Management and S. George Lohmeier, Jr., for breach of contract to procure insurance and against Lohmeier for negligence. The district court granted summary judgment to the agents, holding that Muradyan had no valid claims. He appeals, and we affirm.

We review the grant of summary judgment de novo. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). We conclude that the district court correctly applied the relevant substantive law. Federal admiralty law governs marine insurance contracts, but California law and admiralty law are materially the same on the relevant issues. See *Certain Underwriters at Lloyd's v. Montford*, 52 F.3d 219, 222 n. 1 (9th Cir.1995). Under both bodies of law, the doctrine of *uberrimae fidei* requires parties to a marine insurance contract to deal with each other in the "uttermost good faith." *See id.* at 222. Under California Insurance Code section 1900, each party must communicate "[a]ll the information which he possesses and which is material to the risk" and "[t]he

exact and whole truth in relation to all matters that he represents or, upon inquiry assumes to disclose." California law allows an insurer to rescind a marine insurance contract on the basis of any concealment of a material fact. Cal. Ins.Code §§ 331, 1904; *see also Montford,* 52 F.3d at 222.

■ Viewing the evidence in the light most favorable to Muradyan, we conclude that there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Muradyan has not established that any of the defendants' contractual breaches, or any negligence by Lohmeier, caused Muradyan any damages. It is undisputed that Muradyan failed to disclose to Continental his previous auto accident, a prior license restriction, and the number of tickets he received. This concealment of material facts gave Continental grounds to deny Muradyan's claim and rescind his insurance coverage, the damage of which he now complains. Cal. Ins.Code §§ 330, 331. Thus, the district court correctly reasoned that Muradyan's own nondisclosure caused his damages.

■ Muradyan's negligence claim against Lohmeier also fails. Muradyan contends that there are disputed issues of fact regarding his intent in failing to disclose his driving violations on his insurance application. He argues that he did not realize the pre-marked box in the application stated that he had no violations, that he told Lohmeier he had received "tickets" in the past; and that he trusted Lohmeier to verify the accuracy of his application. Even if Lohmeier had breached some duty as Muradyan's insurance agent by failing to assist him in accurately completing the insurance application, Muradyan admits that he failed to disclose to Lohmeier a

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prior auto accident and the number of tickets he had. As a matter of law, these omissions are serious enough to be "material" to the risk associated with insuring Muradyan, and under the heightened duties of *uberrimae fidei,* Muradyan had to volunteer this information, not just respond truthfully to any inquiries the insurer made. *See Montford,* 52 F.3d at 222; *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 420 (9th Cir. 1998).

Having upheld the summary judgment because Muradyan cannot show causation of damages, we need not address the district court's conclusions that neither agent breached any duty to Muradyan, that Total Dollar could assert Continental's defenses, and that the unclean hands doctrine would bar Muradyan from recovering in any event. *See Cigna,* 159 F.3d at 418.

**AFFIRMED.**